# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

Torpedo Productions, LLC,

      Petitioner,

                           Case No.:  6:26-mc-00023-RBD-LHP

### ORDER

Before the Court are two Requests for Issuance of Subpoena Pursuant to 17 U.S.C. § 512(h), filed by Petitioner Torpedo Productions, LLC.  Doc. Nos. 1, 2.   In short, Petitioner seeks issuance of two subpoenas under the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) ("DMCA"), to discover from two internet service providers the identities of persons allegedly infringing on certain copyrights.  *Id.*[1]

---

[1] The DMCA provides, in relevant part:

(h) Subpoena to identify infringer.—

**(1) Request.**--A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

**(2) Contents of request.**--The request may be made by filing with the clerk—

**(A)** a copy of a notification described in subsection (c)(3)(A);

**(B)** a proposed subpoena; and

Both filings have been construed as motions and referred to the undersigned.  Upon

consideration, both motions (Doc. Nos. 1, 2) will be **DENIED without prejudice**.

---

**(C)** a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

**(3) Contents of subpoena.**--The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

**(4) Basis for granting subpoena.**--If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

**(5) Actions of service provider receiving subpoena.**--Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

**(6) Rules applicable to subpoena.**--Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

17 U.S.C. § 512(h).

-2-

First, given that both filings have been construed as motions, they are due to be denied for failure to comply with the Court's Local Rules, specifically Local Rules 1.08 and 3.01(b).  Doc. Nos. 1, 2.  Although Petitioner contends that the Clerk of Court has a "ministerial duty" to issue the subpoenas, the Clerk has not done same, and the Court finds it appropriate to address the matter by motion.  *See, e.g.*, *In re Namecheap, Inc.*, No. 8:22-mc-39-TPB-MRM, 2022 WL 17326553, at *2 (M.D. Fla. Nov. 14, 2022), *report and recommendation adopted*, 2022 WL 17282733 (M.D. Fla. Nov. 29, 2022) (addressing merits of motion for subpoena issuance under 17 U.S.C. § 512, noting that although there is no explicit requirement for court approval, no subpoena had issued, and thus, it was proper to adjudicate motion).

Second, Petitioner has not demonstrated that the proposed subpoenas would properly issue from this Court.   The first subpoena is directed to "EPORNER," which is located in West Palm Beach, Florida.  Doc. No. 1, at 7.  The second subpoena is directed to "LaFontera SUN LT/Cuckholds Porn," which is located in the United Kingdom.  Doc. No. 2, at 9.  Petitioner provides no legal authority demonstrating that the Middle District of Florida, Orlando Division would be the appropriate venue to issue a subpoena directed to a party located in the Southern District of Florida (Doc. No. 1), much less outside of the United States (Doc. No. 2).  *Cf. In re: DMCA Section 512(h) Subpoena to Facebook, Inc.*, No. 4:15-mc-0654, 2015 WL 12805630, at *7 (S.D. Tex. Nov. 18, 2015) ("[T]he rule requires Requestor to go to a

court in the district in which Facebook 'resides' to obtain a § 512(h) subpoena."); *In re Subpoena To Univ. of N. Carolina at Chapel Hill*, 367 F. Supp. 2d 945, 957 (M.D.N.C. 2005) ("Section 512(h) says that the copyright owner or agent can seek a subpoena from any district court, but does not say that every district court has jurisdiction to issue a subpoena compelling action from persons outside of the district.  Without an explicit indication from Congress that such was the intention of the language, the Court will not infer it."); *see also In re Namecheap, Inc.*, No. 8:22-mc-39-TPB-MRM, Doc. No. 2 (M.D. Fla. Oct. 19, 2022) (denying without prejudice motion for subpoena issuance for among other things, failing to address "(1) the basis for this Court's jurisdiction to approve issuance of the subpoena or (2) the procedural correctness of the Tampa Division of this Court doing so given that (a) the subpoena recipient appears to be located in the District of Arizona and (b) the place of compliance (i.e., where the production is to occur) is within the geographic boundaries of the Orlando Division of the Middle District of Florida").

Third, the Court also notes that the place of compliance on both subpoenas is in Gloucester, Massachusetts.  Doc. No. 1, at 7; Doc. No. 2, at 9.  Again, this calls into question whether the subpoenas would properly issue.   *See, e.g., In re: DMCA Section 512(h) Subpoena to Facebook, Inc.*, 2015 WL 12805630, at *8 ("The Court agrees with the magistrate judge that nothing within that provision is contrary to Rule 45(c)(1)(A), that it is practicable to follow the procedural rule, and that its 100–mile

rule therefore applies."); *see also* 17 U.S.C. § 512(h)(6) ("[T]he procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."); *Barnes v. YouTube, Inc.*, No. 25-CV-05901-VKD, 2026 WL 412470, at *2 (N.D. Cal. Feb. 13, 2026) ("As many courts have recognized, [section 512(h)(6)] incorporates Rule 45 of the Federal Rules of Civil Procedure.").

Finally, as it relates to the second subpoena to "LaFontera SUN LT/Cuckholds Porn" and its related "Notification of Claimed Infringement" attached as Exhibit B, that document references the claims and copyrights of a "Jennifer Larsen," without explanation.  Doc. No. 2, at 4–7.

For these reasons, Petitioner's motions (Doc. Nos. 1, 2) are **DENIED without prejudice**.  Petitioner shall file renewed motions within **fourteen (14) days** of the date of this Order, in full compliance with the Local Rules, establishing by citation to applicable legal authority that Petitioner has satisfied the legal bases for issuance of the subpoenas, 17 U.S.C. § 512(h), and addressing the issues set forth herein.  Failure to file renewed motions by this deadline will result in the closure of this miscellaneous case.

**DONE** and **ORDERED** in Orlando, Florida on July 7, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-6-