**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Torpedo Productions, LLC,

     Petitioner,

                          Case No.:  6:26-mc-00023-RBD-LHP

_____

**ORDER**
(And Direction to Clerk of Court)

Before the Court is a Motion for Clerk's Issuance of Subpoena to MBB Ventures LLC a/k/a Spank Bang Pursuant to 17 U.S.C. § 512(h).  Doc. No. 9.  By the motion, Petitioner Torpedo Productions, LLC seeks issuance of a subpoena under the Digital Millennium Copyright Act, 17 U.S.C. § 512(h) ("DMCA") to discover from an internet service provider the identity of persons allegedly infringing on certain copyrights.  *Id.*  Petitioner submits with the motion copies of notifications to the internet service provider, MBB Ventures LLC a/k/a Spank Bang, regarding the alleged infringement (Doc. No. 9-1), a proposed subpoena directed to MBB Ventures LLC a/k/a Spank Bang in Longwood, Florida (Doc. No. 9-2), and a

-1-

declaration attesting to the purpose of the subpoena (Doc. No. 9-3). Upon consideration of same, the motion (Doc. No. 9) will be **GRANTED**.[1]

The DMCA provides, in relevant part:

(h) Subpoena to identify infringer.—

**(1) Request.**--A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

**(2) Contents of request.**--The request may be made by filing with the clerk—

   **(A)** a copy of a notification described in subsection (c)(3)(A);[2]

---

[1] Although the Court denied several previous requests by Petitioner for issuance of subpoenas, Petitioner has rectified the identified deficiencies in the present filing. *See* Doc. Nos. 4, 8. And as previously noted, given the history of this case, despite the language of the DMCA stating that the Clerk issues a subpoena by request, the Court finds it appropriate to address the matter by motion. *See, e.g.*, *In re Namecheap, Inc.*, No. 8:22-mc-39-TPB-MRM, 2022 WL 17326553, at *2 (M.D. Fla. Nov. 14, 2022), *report and recommendation adopted*, 2022 WL 17282733 (M.D. Fla. Nov. 29, 2022) (addressing merits of motion for subpoena issuance under 17 U.S.C. § 512, noting that although there is no explicit requirement for court approval, no subpoena had issued, and thus, it was proper to adjudicate motion).

[2] Subsection (c)(3)(A) provides:

(A) To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:

(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

-2-

**(B)** a proposed subpoena; and

**(C)** a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

**(3) Contents of subpoena.**--The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

**(4) Basis for granting subpoena.**--If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

---

(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

17 U.S.C. § 512(c)(3)(A).

**(5) Actions of service provider receiving subpoena.**--Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

**(6) Rules applicable to subpoena.**--Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

17 U.S.C. § 512(h).

Here, Petitioner's submissions satisfy these requirements. First, Petitioner submits a declaration stating that it is the owner of the copyrighted works. Doc. No. 9-3 ¶ 3. *See* 17 U.S.C. § 512(h)(1). Second, Petitioner has attached all required information to this motion, to include a copy of the notification to the internet service provider (Doc. No. 9-1),[3] a proposed subpoena (Doc. No. 9-2), and a sworn declaration stating that the purpose of the subpoena is to identify the alleged infringer and protect Petitioner's rights under the DMCA (Doc. No. 9-3). *See* 17

---

[3] The notification to MBB Ventures LLC a/k/a Spank Bang appears to contain all of the required information under 17 U.S.C. § 512(c)(3)(A). *See* Doc. No. 9-1 (written communications signed by counsel from Randazza Legal Group and containing counsel's contact information, stating they were sent by U.S. mail and/or email, identifying the owner of the copyrighted works, URLs of the infringing work, and including statements of good faith under penalty of perjury and authorization to act on behalf of the owner of the copyright).

U.S.C. § 512(h)(2).  Third, Petitioner attaches a proposed subpoena, which seeks only "[t]he identity of the user who posted each video" in an attached list, to include the posts that allegedly included the copyrighted works.  Doc. No. 9-2.  *See* 17 U.S.C. § 512(h)(3).

Based on these submissions, the subpoena is due to be issued.  *See In re Namecheap, Inc.*, No. 8:22-mc-39-TPB-MRM, 2022 WL 17326553, at *2 (M.D. Fla. Nov. 14, 2022), *report and recommendation adopted*, 2022 WL 17282733 (M.D. Fla. Nov. 29, 2022) ("Petitioner submitted a notification, proposed subpoena, and declaration that comply with the statutory requirements of 17 U.S.C § 512(h).  As a result, the statute mandates that the Clerk of Court expeditiously sign and issue the proposed subpoena.").  The Court notes that the subpoena lists a Longwood, Florida address for MBB Ventures LLC a/k/a Spank Bang, and a place of compliance in Tampa, Florida.  Doc. No. 9-2, at 2.  It is not clear if physical delivery would be beyond the 100-limitations of Federal Rule of Civil Procedure 45(c)(1)(A).  *Id.  See also* 17 U.S.C. § 512(h)(6); *Barnes v. YouTube, Inc.*, No. 25-CV-05901-VKD, 2026 WL 412470, at *2 (N.D. Cal. Feb. 13, 2026) ("As many courts have recognized, [section 512(h)(6)] incorporates Rule 45 of the Federal Rules of Civil Procedure.").  Nonetheless, the subpoena also lists a mailing address and email address for Petitioner's counsel, and subpoena compliance may be effected by U.S. mail or email.  *See, e.g.*, *In re DMCA § 512 Subpoena to X Corp.*, No. CV 25-MC-474, 2025 WL 888415, at *3 (E.D.

La. Mar. 21, 2025) (clarifying DMCA subpoena that violated 100-mile requirement such that the producing party could produce the requested information either by mail or by email at the addresses provided on the subpoena).

Accordingly, for the reasons stated herein, Petitioner's motion (Doc. No. 9) is **GRANTED**.  The Clerk of Court is **DIRECTED** to issue the proposed subpoena (Doc. No. 9-2).  17 U.S.C. § 512(h)(4).  The Clerk of Court is thereafter **DIRECTED** to close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 30, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-6-